**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **United States of America,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:17-CR-00295-001 (CMH) |
| **Abdirizak Haji Raghe Wehelie,** | ) ) ) | Sentencing Date: January 31, 2020 |
| Defendant. | ) ) | |

## DEFENDANT'S POSITION ON SENTENCING

The defendant has no objections to the Presentence Report and agrees that the sentencing guidelines are properly calculated at a total offense level of 4, criminal history Category I, with an advisory guideline range of zero to six months. The defendant further submits that a sentence of probation serves the ends of justice and is the appropriate sentence in this case.

Mr. Wehelie agrees with the government's characterization of the offense conduct as a willful breach of trust. Mr. Wehelie is a 68 year-old, naturalized, U.S. citizen of Somali origin, with no prior criminal record. He was indeed a trusted employee at the FBI who broke that trust by intentionally making a false entry on a system that was used for monitoring and transcribing sensitive court authorized surveillance. He breached that trust because he feared the repercussions for himself and his family after hearing a recorded voicemail message from the subject of an FBI investigation on his personal voicemail recorder. When he was questioned by the FBI four years later, he lied to avoid incriminating himself. He also minimized his relationship with the subject of the investigation who he personally knew as the son of a deceased friend and member of the small Somali community in the Northern Virginia area in

which he lives.

The Sentencing Commission designed the guidelines to produce an appropriate sentence for a first offender like Mr. Wehelie who has otherwise lived an unblemished life that has included years of laudable service to the United States government. Considering Mr. Wehelie's personal history as evinced by the letters written to this Court (Exhibit 1), the inexorable social and economic consequences of his felony conviction, and the government's acknowledgement regarding the absence of evidence of additional wrongdoing, a sentence of probation is sufficient to serve the goals of sentencing generally.[1] A term of probation is also sufficient in this case to deter similar conduct by others who might hold trusted positions within law enforcement agencies.[2]

WHEREFORE, it is submitted that a sentence of probation is appropriate in this case.

Respectfully submitted,

ABDIRIZAK HAJI RAGHE WEHELIE
By Counsel

/s/ _____
Nina J. Ginsberg, Esquire
VSB # 19472
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA 22314
703-684-4333 (Phone)
703-548-3181 (Fax)
nginsberg@dimuro.com

---

[1] Mrs. Wehelie was employed for eight years as an Associate Clinical Research Lab Manager for the Center of Prostate Disease Research located at the Walter Reed National Military Medical Center in Bethesda, MD. Shortly after her husband's arrest, she was abruptly fired because her security clearance and access to the Medical Center was revoked as a result of his arrest.

[2] It is submitted that the pre and post-indictment delays in this case are somewhat reflective of the degree to which the government felt a pressing need to deter similar conduct.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 28th day of January, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record. I further certify that a copy was sent by e-mail to William Byerley, Probation Officer, at William_byerley@vaed.uscourts.gov.

/s/ _____
Nina J. Ginsberg, Esquire